**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIVINITY WINE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02026 |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| CALCON MUTUAL MORTGAGE, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

With respect to Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 18), "[t]he court should freely give" such leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Memorandum in Opposition to Plaintiff's Motion (Doc. 22), Defendants raised several perceived deficiencies with Plaintiff's proposed Second Amended Complaint (Doc. 18-1). But all of the issues that Defendants identified may themselves be remedied by further amendment. To that end, Plaintiff will be afforded one **<u>final opportunity</u>** to amend her pleadings. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). Because Plaintiff has been placed on notice of potential pleading deficiencies during the meet and confer process as well as by Defendants' comprehensive Memorandum in Opposition—and having amended once already—this will constitute **<u>Plaintiff's last chance to plead viable claims and join indispensable parties, if any</u>**. See generally Houser v. Donahoe, No. 2:12-cv-01024, 2013 WL

6838699, at *6 (W.D. Pa. Dec. 27, 2013) (dismissing claims without leave to amend, because it "would be inequitable to require [the defendant], who already once ha[d] exhaustively and successfully defended [the plaintiff's] grievances, to respond to a continuous stream of formal and informal attempted amendments"), aff'd sub nom. Houser v. Postmaster Gen., 573 F. App'x 141 (3d Cir. 2014).  Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED** and Plaintiff is **ORDERED** to make last, best efforts to plead claims on or before May 7, 2026.  **IT IS FURTHER ORDERED** that, upon Plaintiff's amendment of the pleadings, Defendants may file a dispositive motion pursuant to Federal Rule of Civil Procedure 12 without further compliance with the meet and confer requirement for motions to dismiss set forth in the undersigned's Practices and Procedures.

Plaintiff's so-styled Motion for Declaratory Relief and Partial Summary Relief Regarding Scope and Enforceability of Mortgage Lien (Doc. 14), whether construed as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, is premature.  See, e.g., In re Pettaway, 457 F. App'x 96, 98 (3d Cir. 2012) (district court did not err by denying motions for summary judgment as premature where the defendants had not yet been served with the complaint); Neff v. RBS Holdings, LLC, No. 1:24-cv-00142, 2024 WL 4770563, at *3 (W.D. Pa. Nov. 13, 2024) (plaintiff's motion for judgment on the pleadings denied as premature because defendants could still amend their answer and, thus, pleadings had not yet closed).  Plaintiff's Motion for Declaratory Relief is, therefore, **DENIED** without prejudice as premature, and Defendants' corresponding Motion to Strike (Doc. 20) is **DENIED** as moot.

Plaintiff's Motion for Appointment of Counsel (Doc. 26) is **DENIED** without prejudice to renewal should this matter, ultimately, be set for trial.  In evaluating Plaintiff's request for counsel, the Court considered the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

2

See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) ("If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors: (1) the plaintiff's ability to present . . . her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on h[er] own behalf.").  Even assuming that Plaintiff's claims have arguable merit, none of the Tabron factors favor appointment of counsel at this stage of proceedings.  Nothing in the record suggests that Plaintiff is incapable of presenting her own case.  In fact, Plaintiff's filings to-date, including the successful motion for leave to amend her prior pleadings discussed above, indicate to the contrary.  The legal issues presented in the Amended Complaint are neither difficult nor complex—Plaintiff's claims arise from a single, continuous course of misconduct concerning a single real estate transaction.  See Am. Comp. (Doc. 11) ¶ 17.  Because pleadings have not yet closed, no factual investigation is necessary at this time and, should this case proceed beyond the pleading stage, any future factual development will likely be limited in scope because the allegations concern documentary evidence already within Plaintiff's control.  Plaintiff does not argue, and the Court does not glean from the record, that credibility determinations will be required in this case.  Although Plaintiff raised the possibility that expert testimony may be required in the form of a "forensic loan audit," Plaintiff does not explain why she would be unable to work with such an expert without the aid of an attorney having already identified herself this possible avenue for analysis.  Finally, having not filed an application for *in forma pauperis* status in this matter, Plaintiff's conclusory averment that she is a single-income individual with substantial financial obligations, without specificity about the amount of Plaintiff's income or financial obligations, does not alone demonstrate

Plaintiff's indigency or inability to retain counsel.  Nevertheless, Plaintiff's inability to afford counsel is not dispositive in civil cases in any event.

Finally, Defendants CalCon Mutual Mortgage, LLC and Schumacher Mortgage, LLC are **ORDERED** to file disclosure statements compliant with Federal Rule of Civil Procedure 7.1(a)(2)'s requirement to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that [disclosing] party" on or before April 24, 2026.  Contrary to the approach taken in the Amended Notice of Removal of Action (Doc. 8), "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).  "[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." Id. at 420 (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

IT IS SO ORDERED.

April 17, 2026                                     s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   Chief United States District Judge

cc (via First-Class U.S. Mail):

      Divinity W. White
      6558 Tuscarawas Road
      Midland, PA 15059

cc (via ECF email notification):

      All Counsel of Record