**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DIVINITY WINE WHITE,      )
          )
     Plaintiff,      )
          )   No. 2:25-cv-02026
     v.       )
          )   Chief Judge Cathy Bissoon
CALCON MUTUAL MORTGAGE,   )
LLC, *et al.*,      )
          )
     Defendants.   )

**<u>MEMORANDUM ORDER</u>**

With respect to Plaintiff's so-styled Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay Foreclosure, Acceleration, Collection Escalation, Adverse Servicing Activity and Enforcement of Disputed Mortgage Lien (Doc. 44) (the "PI Motion"),

> [P]laintiff[] had to demonstrate (1) that [she is] reasonably likely to prevail eventually in the litigation and (2) that [she is] likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the defendants more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

Hope v. Warden York Cnty. Prison, 972 F.3d 310, 319-20 (3d Cir. 2020) (quoting <u>K.A. ex rel.</u> <u>Ayers v. Pocono Mountain Sch. Dist.</u>, 710 F.3d 99, 105 (3d Cir. 2013)). In the PI Motion and its supporting documents, Plaintiff has not shown a reasonable likelihood of success on any of the causes of action alleged in the Third Amended Complaint (Doc. 31) (the "TAC").[1]

Plaintiff's fraud claims brought in Counts I, II, IV, V, VI and IX of the TAC, raise concerns about various stages of the mortgage origination process. To succeed on these Counts, Plaintiff will need to show, *inter alia*, that Defendants made some false representation or

---

[1] The Court previously denied the PI Motion to the extent that Plaintiff sought a temporary restraining order. <u>See</u> June 10, 2026 Order (ECF No. 45).

concealed a material fact.  See Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994) ("[I]ntentional

misrepresentation or fraud . . . contains the following elements:  (1) a representation; (2) which is

material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness

as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5)

justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused

by the reliance."); see also Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999) ("The tort of intentional

non-disclosure has the same elements as intentional misrepresentation 'except in the case of

intentional non-disclosure, the party intentionally conceals a material fact rather than making an

affirmative misrepresentation.'" (quoting Gibbs, 647 A.2d at 889)).  Plaintiff pleads—albeit at

the very highest level of generality—several purported representations by the Defendants, see

TAC at 28, 33, 36, 40, but Plaintiff never explains (and the Court cannot itself ascertain from the

expansive documentary record) how any of these representations were false or misleading.

Plaintiff's allegations of non-disclosure, see id. at 30, 35, are also unsupported by the

documentary record.  To the contrary, as Defendants explains in opposition to the PI Motion, the

documentary record here tends to show that all material terms for the at-issue transaction were

placed before Plaintiff in writing and, in many instances, Plaintiff affirmatively agreed to those

terms by initialing and signing disclosures and agreements.  See Opp. Mem. (Doc. 46) at 11-16.

In sum:  on the record before the Court, Plaintiff has not shown reasonable likelihood that she

will prevail on any of the causes of action sounding in fraud.

The Court reaches a similar conclusion regarding the alleged violation of Pennsylvania's

Unfair Trade Practices and Consumer Protection Law (the "UTPCPL") in Count III.  As

discussed above, the pleadings and documentary record do not suggest that Defendants made

false statements or omissions and, particularly in light of Defendants' comprehensive

disclosures, which Plaintiff in many cases acknowledged, Plaintiff has not shown a reasonable probability of success on the UTPCPL count.  See Defs.' Exs. C-AG (Docs. 46-4 through 46-34).

Plaintiff has not shown a reasonable probability of success on the statutory violations alleged in Counts VII and X.  As Defendants correctly explain, on this record there simply does not appear to have been any event that would have triggered an additional waiting period before closing—fatal to Plaintiff's Count VII.  See Opp. Mem. at 18-19.  The Court also cannot discern, and Plaintiff has not shown, any instance where Defendants made servicing errors implicating RESPA and Regulation X, in connection with Count X.

Finally, contrary to Plaintiff's claim for declaratory judgment pleaded in Count XI, the recorded mortgage instrument references both parcel 71-160-0111.007 as well as 71-160-0111.008.  See TAC Ex. AJ at 6.  Plaintiff, therefore, has not demonstrated a reasonable likelihood of success on this count.

Because Plaintiff has not made the threshold showing of a reasonable likelihood of success on the merits, the PI Motion is **DENIED** in all respects.  Defendants' Motion to Strike (Doc. 49) and Motion for Leave to File Reply to Plaintiff's Response in Opposition to Defendants' Motion to Strike (Doc. 52) are **DENIED AS MOOT**.

Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Reply Brief (Doc. 43) also is **DENIED** for failure to show good cause.  "Sur-reply briefs are seldom necessary" and "are appropriate only where a party seeks to respond to an argument raised for the first time by an opposing party."  Newland v. Imperial River Transp., LLC, No. 2:24-cv-01258, 2026 WL 1309003, at *3 n.4 (W.D. Pa. May 12, 2026) (punctuation omitted).  Defendants' position that third-party Deborah Gabrich is an indispensable party to this litigation is longstanding and well-documented.  See, e.g., Defs.' Opp. Mem. to Leave to Amend (Doc. 22) at 6-7 (raising this argument in opposition to amendment on February 10, 2026).  To the extent that Plaintiff had

additional arguments to make on this point, those arguments should have been set forth in

Plaintiff's Opposition Memorandum (Doc. 41), and further briefing on this longstanding issue is

unwarranted.  Because there are no further briefing deadlines applicable to Plaintiff, Plaintiff's

Emergency Motion for Temporary Stay of Briefing and Extension of Time Due to Family

Medical Emergency (Doc. 53) is **DENIED AS MOOT**.


IT IS SO ORDERED.


August 7, 2026                                     s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   Chief United States District Judge


cc (via ECF email notification):

    Divinity W. White
    6558 Tuscarawas Road
    Midland, PA 15059

    All Counsel of Record